IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01841-BNB

LUIS RAUL ARANA,

     Applicant,

v.

DENVER COUNTY SHERIFF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Luis Raul Arana, currently is detained at the Denver County Jail in

Denver, Colorado.  Mr. Arana, acting *pro se*, initiated this action by filing an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Mr. Arana has been

granted leave to proceed pursuant to 28 U.S.C. § 1915.

On July 12, 2013, Magistrate Judge Boyd N. Boland ordered The Attorney

General for the State of Colorado to file a preliminary response to the habeas corpus

application and address the affirmative defenses of timeliness and exhaustion of state

court remedies.  On July 26, 2013, The Attorney General filed a Response.  Mr. Arana

did not file a Reply within the time allowed.

The Court must construe Mr. Arana's Application liberally because he is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Mr. Arana asserts that he is awaiting trial on new charges and has been denied release on bail pending his trial in violation of his constitutional rights.

The Attorney General asserts that Mr. Arana has not presented his parole hold claim to any state court and, as a result, has failed to exhaust his state court remedies. Specifically, The Attorney General states that according to the Colorado State Court Data Access database Mr. Arana has not filed an action in which he challenged the parole hold at issue in this case.

Applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court.  *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  This requirement "is satisfied if the federal issue has been properly presented to the highest state court."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.

2

1989).  Although fair presentation does not require a habeas corpus applicant to cite

"book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation

marks omitted), "[i]t is not enough that all the facts necessary to support the federal

claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per

curiam).  A claim must be presented as a federal constitutional claim in the state court

proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66

(1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless

the prisoner has properly presented his . . . claims through one 'complete round of the

State's established appellate review process.'"  *Woodford v. Ngo*, 548 U.S. 81, 92

(2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Based on the above findings, Mr. Arana remains in custody subject to a parole

hold that he has not challenged in any state court proceeding.  He, therefore, has failed

to exhaust his state remedies prior to filing this habeas corpus action with this Court.

The Application will be denied and the action dismissed for failure to exhaust state court

remedies prior to initiating the instant lawsuit.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Arana files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED August 28, 2013, at Denver, Colorado.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4